**In re Robin BROWN, Lillian Wade Brown, et al., Debtors.**

**Bankruptcy Nos. 75–1338–BK–PF–AJC, 75–1339–BK–CF–AJC and 75–1340–BKC–JLK–AJC.**

United States Bankruptcy Court, S.D. Florida.

Oct. 12, 1989.

Herbert S. Freehling, Trustee, Blowing Rock, N.C.

Carl V. Wisner, Jr., Richard L. Halpern, Fort Lauderdale, Fla., for debtor.

Office of U.S. Trustee, David D. Bird, Asst. Trustee, Miami, Fla.

David Hixson, C.P.A., Hixson, Marin, Powell & Company, P.A., North Miami Beach, Fla. accountants for trustee.

## ORDER REMOVING TRUSTEE

A. JAY CRISTOL, Bankruptcy Judge.

This case came before the court on the court's order to show cause why the trustee should not be removed. These consolidated cases are the last Bankruptcy Act cases assigned to this Division. The case began when the Honorable Paul G. Hyman was sitting as Bankruptcy Judge in 1975. Judges Paul G. Hyman and Joseph A. Gassen came and left and still the case lingered. The trustee has suggested that he has benefitted this estate by holding it open these fourteen years. He suggests that the estate had an asset which was realized by a tax sale procedure which occurred in 1988. Granted, a tax sale procedure takes over two years. What was the trustee doing for the eleven years prior to the two year period in which the tax sale occurred? Assuming, but by no means admitting, that there was some justification for the case to languish for eleven years, the trustee has failed to explain why it has taken so long since the tax sale in 1988 to conclude this case. It is now near the end of 1989. The trustee does not have the interest or concern to appear at the various status conferences in this case and is periodically represented by counsel who were no doubt in high school when the case began. It is reported that the trustee is presently concluding a 90–day vacation. If the trustee took a 90–day vacation for each of the last fourteen years, that would at least account for three and one-half years of the delay.

Notwithstanding specific acts of Congress which mandated that all Bankruptcy Act cases be concluded by August of 1988, this trustee is determined to do it his way.

The court is most definitely not grateful for the trustee's attitude, the trustee's efforts, or more particularly, lack thereof, or the trustee's accomplishments. The court, having served a number of years as a member of the panel of trustees prior to appointment to the Bench, is aware of the trustee's obligations and duties on a first-hand basis, and can neither understand nor condone the conduct of this trustee in this case.

Counsel for the trustee stated on the record at one of the status conferences that, as of 1989, none of the tax returns for the past dozen years or so had been signed by the trustee. The court is specifically not grateful for such specific inattention to detail and performance of duty. The court is grateful for the fact that the Bankruptcy Code empowers the court to remove a trustee for cause. 11 U.S.C. § 324(a) (1989) (Bankruptcy Code § 324); Similar provision under the Act formerly at 11 U.S.C. § 11(a)(17) (1976) (Bankruptcy Act of 1898 § 2(a)(17)). Cause in this case is apparent. Accordingly and upon consideration, it is

ORDERED as follows:

1. Herbert S. Freehling is removed as trustee in the above-styled cause and the United States Trustee is directed to immediately appoint a successor trustee.

2. The successor trustee in this case is directed to move with alacrity to conclude this case.

3. Herbert S. Freehling is directed to file an accounting with this court showing

all compensation received in this case over the fourteen years that it has languished and to pay over to the new trustee a sum equivalent fourteen percent of all compensation received in this case which sum shall be made available for compensation for the successor trustee at a later date.

DONE and ORDERED.